JAMES McCOY v. MINNEAPOLIS, ST. PAUL, ROCHES-
TER & DUBUQUE ELECTRIC TRACTION COMPANY.[1]

January 26, 1912.

Nos. 17,450—(228).

**Illegal obstruction of highway by defendant's work — substituted way —
duty of defendant.**

Defendant, to facilitate public travel upon a highway over and across
which it was constructing its railroad grade, in which work it completely
obstructed the highway, voluntarily acquired from an adjoining landowner
the right of passage over his land, and impliedly, if not expressly, invited
the public to make use of the substituted way. It is *held* that defendant
was under legal obligation to keep and maintain the way so provided in
reasonably safe condition for public use.

**Verdict sustained by evidence.**

Evidence considered, and *held* to support the verdict.

Action in the district court for Dakota county to recover $1,598
for personal injuries. The answer denied that at the time alleged
it was actually engaged in the construction of certain embankments,
excavations and fillings, and alleged that on or about that date H.
F. Balch & Company was engaged as an independent contractor in
such construction at certain places in Scott and Dakota counties; that
if plaintiff received injuries at the time and place mentioned, they
were caused by his reckless driving of a certain team of horses. The
reply was a general denial. The case was tried before Johnson, J.,
and a jury which returned a verdict in favor of plaintiff for $640.
From an order denying defendant's alternative motion for judg-
ment notwithstanding the verdict or for a new trial, it appealed.
Affirmed.

*Boutelle & Chase* and *R. T. Boardman,* for appellant.
*Albert Schaller,* for respondent.

[1]Reported in 134 N. W. 293.

BROWN, J.

Action for personal injuries, in which plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The facts, briefly stated, are as follows: Defendant was engaged in constructing its roadbed as it extended over and across a public highway. The railroad right of way crossed the highway at right angles, and the excavations thereon completely obstructed the highway during the work of construction. The cut through the highway was fifty feet wide and about ten feet deep. To avoid interrupting travel upon the highway, defendant's chief engineer acquired from an adjoining landowner the right of passage for teams over his property for a short distance north and parallel with the railroad, thence across the right of way, and back to the highway; and people traveling upon the highway made use of this passageway around the obstructions. There was no other highway within several miles which the public could have used pending defendant's work, and those having occasion to travel upon this one were of necessity compelled to pass over the temporary way provided for them by defendant.

On the day in question plaintiff and his son approached the railroad grade upon the highway, and upon reaching the right of way drove their team upon the way so provided by defendant, and when within about seventy feet from the place where defendant's excavations were going on a steam shovel, operated by an independent contractor in grading the railroad, was started in motion, and a sudden and violent exhaust of steam and noise from the machinery frightened the horses, causing them to plunge forward, throwing the wheels of the wagon into a rut in the improvised roadway, upsetting the wagon, and throwing plaintiff to the ground, causing the injuries here complained of.

Plaintiff brought this action for damages, charging in his complaint that defendant was negligent in not providing a reasonably safe way around the obstructions created by it in the highway, and in causing the horses to become frightened by carelessness in the

operation of the steam shovel. The court instructed the jury that no recovery could be had for negligence in the operation of the steam shovel, because of the fact that it was being operated by and was under the control of an independent contractor, but further charged that if the failure of defendant to provide a reasonably safe passage around the excavations concurred with the sudden noise from the steam shovel, and the combination of both was the proximate cause of the accident, then plaintiff could recover. Plaintiff had a verdict for $640.

The assignments of error present the questions (1) whether the evidence supports the verdict; and (2) whether the court erred in its instructions to the jury.

1. We have examined the record with care, and reach the conclusion that the evidence sufficiently supports the verdict in all essential respects. That plaintiff's team became frightened by the sudden and violent noise from the steam shovel, causing the horses to plunge forward, drawing the wheels of the wagon into the rut in the traveled way, and that this combination was the proximate cause of plaintiff's injuries, is clear from the evidence. The only serious question in the case is whether defendant is chargeable with negligence in respect to the condition of the passageway leading around the obstructions in the highway. We come directly to that question.

2. The question of the rights, duties, and obligations of a railroad company in situations like that here presented—when in the construction of its road over and across a public highway it wholly obstructs travel thereon pending the completion of its work—is not, for reasons hereafter to be stated, necessarily involved, and we do not consider it.

Counsel for defendant earnestly contended on the oral argument that, since the company possessed no power to lay out public highways, it could not be required to provide a passageway over private property for the accommodation of the traveling public, and, further, since the public authorities had not required that defendant provide a substituted way, that no duty rested upon it to do so, and hence

that no liability exists because of the unsafe condition of the substituted way in fact provided by defendant. There can be no serious question that in situations like that here presented the company owes some duty to the traveling public. Just what the duty is we need not, for the following reasons, determine at this time.

It was conceded by defendant, both on the oral argument and in its brief, that the obstruction of the highway was illegal, and might have been enjoined by proper proceedings for the purpose, and, further, that it was within the power and authority of the public officials having jurisdiction of the highway to have required of defendant, as a condition to the right to obstruct the highway during the completion of its work, the construction of a temporary way around the same, and, if such a requirement had been made, that defendant would have been liable for any injury occurring in consequence of its failure of compliance therewith. But counsel insisted that since no such order was ever made, and defendant possessed no authority to lay out a public highway, it is not liable. We are unable to concur in this contention.

At the time defendant entered upon the highway, or soon thereafter, it recognized an obligation on its part to provide a passage around the obstruction created by it, and voluntarily undertook to provide the same. It anticipated action by the public authorities, and acquired of an adjoining landowner the right of passage over his farm. Having assumed the obligation without specific orders or directions from the public authorities, the duty of exercising reasonable care to provide a safe way applied to the same extent as though its action had been in compliance with and pursuant to public command. Its duty in the premises would be the same in either case.

What the situation would have been, had it appeared that defendant had been duly commanded by public authorities and was unable to secure the right from the landowner, is therefore of no consequence. Defendant voluntarily performed in its own way a duty which it recognized, and which it could have been required to perform in some manner, though perhaps not in this particular manner. That defendant acquired this right of passage for the benefit of the

public is clear from the evidence, and that the public was thereby, impliedly at least, if not expressly, invited to make use of it, is also clear. At folio 153 the chief engineer of defendant expressly stated that he acquired the right for the public use; and having so acquired it, and so invited the public to use the same as a substitute for the regular highway, defendant was under legal obligation to keep and maintain it in reasonably safe condition for travel.

3. We discover no error in the instructions of the court of a nature to justify a new trial. While the court stated to the jury that defendant was under legal obligation and duty to provide the substituted way, the case in fact went to the jury upon the question whether defendant was negligent in the maintenance of the way voluntarily acquired by it. The instructions, taken as a whole, presented the case properly to the jury.

Order affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.